UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH J. MEZYK, et al., | |
| Plaintiffs, | Civil Action No. 3:09-cv-384-JPG |
| v. | |
| U.S. BANK PENSION PLAN and U.S. BANCORP, INC., | |
| Defendants. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion to dismiss or, in the alternative, to transfer venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and (6) and 28 U.S.C. § 1406(a) filed by defendants U.S. Bank Pension Plan ("Plan") and U.S. Bancorp, Inc. (collectively, "U.S. Bank") (Doc. 14). The plaintiffs have responded to the motion (Doc. 18), and U.S. Bank has replied to that response (Doc. 20). The Court also considers U.S. Bank's motion for oral argument (Doc. 21), to which the plaintiffs have responded (Doc. 22).

**I.    Background**

This matter involves a provision in the Plan[1] that governed the transition between a traditional defined benefit pension plan to a cash balance defined benefit pension plan on January 1, 1999. In *Walker v. Monsanto Company Pension Plan*, the Court explained the difference between the two types of plans.

> In a traditional defined benefit plan, a participant is entitled to a certain benefit upon retirement such as, for example, a monthly annuity equal to a certain percentage of his highest annual earnings. A traditional defined benefit plan must provide that benefit regardless of the cost to the plan, so the employer bears the risk that the plan

---

[1]U.S. Bank Pension Plan is the successor to the Mercantile Bancorporation Inc. Retirement Plan, which was the relevant plan during the transition at issue in this case. For clarity's sake, the Court's references to the Plan in this order include either plan, as appropriate.

> will not be adequately funded to pay the benefits. In a cash-balance defined benefit plan, each participant maintains a cash balance account on the books only – thus, it is often referred to as a "notional" account – to which credits can be added through the participant's working period. . . . Because the account is notional and contains no real dollars, the employer still bears the risk of not having sufficient assets to cover pension obligations . . . .

*Walker v. Monsanto Co. Pension Plan*, 636 F. Supp. 2d 774, 777 (S.D. Ill. 2009).

In an effort to accomplish the conversion from the traditional plan to the cash balance plan without reducing the benefits participants had already accrued prior to January 1, 1999, the Plan calculated the actuarial value of a participant's accrued benefit under the prior plan and used that as the beginning balance of the participant's new account under the cash balance plan. To do this, the Plan first projected out the annuity to which the participant would have been entitled under the prior plan at age 65 (the Plan's normal retirement age) using the statutory annual interest rate of 5.05%. It then discounted that sum to its present value. This dispute arose because the Plan used a different discount rate for participants 45 and older (8%) than it did for participants younger than 45 (7%).

The plaintiffs in this case were 45 or older at the time of conversion. Thus, the Plan applied the deeper discount rate to them when it calculated the beginning balance of their cash balance accounts. Subsequently, plaintiffs Joseph L. Mezyk and Mary P. Mulqueeny retired and elected to take their benefits in the form of a lump sum, while plaintiffs Doris L. Carthy, Peggy B. Raymond and Shirley Chatman retired and elected to take their benefits in the form of an annuity. All of the retirements occurred between June 2000 and December 2002.

In this lawsuit, filed May 21, 2009, they claim the application of differing discount rates violates the prohibition on decreasing a participant's accrued benefit by a plan amendment in § 204(g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1054(g) (Count I) and the prohibition on age discrimination in § 204(b)(1)(H)(i) of ERISA, 29 U.S.C. §

2

1054(b)(1)(H)(i) (Count II).  They also allege the Plan failed to give adequate notice of the change to a cash benefit plan as required by § 204(h) of ERISA, 29 U.S.C. § 1054(h), for amendments that provide for a significant reduction in the rate of future benefit accruals (Count III).  Finally, and alternatively, they claim they are entitled to benefits under § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), that they did not receive as a result of the application of the higher discount rates (Count IV).

U.S. Bank asks the Court to dismiss or, in the alternative, transfer this case to the United States District Court for the District of Minnesota.  It relies on three Plan provisions to support its request.  The first, § 11.6, requires any legal action to recover benefits or enforce rights under the Plan to be commenced within 30 months of when a party knew or reasonably should have known of the principal facts on which the claim is based.[2]  This provision was approved and became part of the Plan on December 27, 2002.  The second, § 11.9, is a forum selection clause requiring all litigation related to the Plan to be filed in the United States District Court for the District of Minnesota.  The third, § 11.8, is a choice of law clause requiring the Plan to be construed in accordance with Minnesota law except where federal law governs.  The forum selection and choice of law clauses were effective in January 1, 2009.

The plaintiffs argue that none of the three provisions apply to them because they were not reasonably notified of the amendments to the Plan that implemented the limitations period, forum selection or choice of law clauses.

II.   **Analysis**

In examining the issues before it, the Court is mindful that ERISA is a remedial statute and

---

[2]An alternative limitation period in § 11.6 of the Plan is clearly inapplicable in this case.

should be liberally construed in favor of participants and beneficiaries. *See Kross v. Western Electric Co.*, 701 F.2d 1238, 1242 (7th Cir. 1983).

    A.    <u>Forum Selection Clause</u>

The Court first addresses whether § 11.9 of the Plan requires the Court to dismiss this case or, in the alternative, transfer it to the District of Minnesota. U.S. Bank's request to dismiss this case on venue grounds is made pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a).

As a preliminary matter, the Court has doubts about whether U.S. Bank's request should be governed by 28 U.S.C. § 1404[3] or 28 U.S.C. § 1406[4]. Section 1404 governs when venue is proper; § 1406 governs when venue is improper. *Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964); *see In re LimitNone, LLC*, 551 F.3d 572, 575-76 (7th Cir. 2008) (*per curiam*). Some courts have held that a forum selection clause renders venue improper in any forum but the one specified by the clause. *See Continental Ins. Co. v. M/V Orsula*, 354 F.3d 603, 606-07 (7th Cir. 2003); *see also Carnival Cruise Lines v. Shute*, 499 U.S. 585 (1991) (implicitly approving dismissal under § 1406(a)).

---

[3]Section 1404 reads in pertinent part:

    (a) For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

[4]Section 1406 reads in pertinent part:

    (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).

Others hold that a forum selection clause is simply a factor – albeit a weighty one – to be considered in deciding which forum of all otherwise proper fora should hear a case. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29-30 (1988); *see LimitNone*, 551 F.3d at 575-76. However, the Court need not decide which statute governs this motion because the forum selection clause is invalid as to the plaintiffs in this case.

It is clear that, in the absence of the forum selection clause, venue would be proper in the Southern District of Illinois. Venue is proper in an ERISA action in any district "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). A plan can be "found" in a district if it has sufficient minimum contacts with a district to support the exercise of personal jurisdiction under *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). *Waeltz v. Delta Pilots Ret. Plan*, 301 F.3d 804, 810 (7th Cir. 2002). This occurs if the defendant has contacts "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe,* 326 U.S. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). No party disputes that U.S. Bank's contacts with the Southern District of Illinois are sufficient to satisfy the *International Shoe* test.

The forum selection clause does not warrant dismissal or transfer. The clause is not valid as to the plaintiffs in this case and enforcement would be unreasonable under the circumstances. The first step in a § 1404(a) or § 1406(a) analysis is to ask whether the forum selection clause is valid. A forum selection clause is:

> presumptively valid and enforceable unless (1) "[its] incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that [the complaining party] will for all practical purposes be deprived of its day in court; or (3)[its] enforcement . . . would contravene a strong public policy of the forum in which the suit is brought, declared by statute or judicial decision."

*AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 525 (7th Cir. 2001) (brackets in original) (quoting *Bonny v. Society of Lloyd's*, 3 F.3d 156, 160 (7th Cir. 1993) (further internal citations and quotation omitted));  see *Paper Express, Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992);  *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972);  *Northwestern Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 375 (7th Cir. 1990).  "[E]nforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system."  *Stewart*, 487 U.S. at 33 (Kennedy, J., concurring).  Accordingly, "[f]orum selection clauses, like all other contractual provisions, will be upheld if they are a freely negotiated part of the contract between the parties."  *Cruthis v. Metropolitan Life Ins. Co.*, 356 F.3d 816, 818 (7th Cir. 2004).

However, a forum selection clause need not be enforced if it was not reasonably communicated to the party against whom enforcement is sought.  Without such reasonable communication, it can hardly be said to represent the parties' shared legitimate expectations.  Courts have construed the inadequate notice as falling under the "fraud" or "overreaching" exception to the validity of forum selection clauses.  *See Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009);  *Altvater Gessler-J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A.*, 572 F.3d 86, 89 (2d Cir. 2009).  Consequently, a Court need not enforce a forum selection clause that was not reasonably communicated to the party resisting it.  *See Electroplated Metal Solutions, Inc. v. American Servs., Inc.*, 500 F. Supp. 2d 974, 976 (N.D. Ill. 2007) (citing *Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 9 (2d Cir. 1995) ("The legal effect of a forum-selection clause depends in the first instance upon whether its existence was reasonably communicated to the plaintiff.")).

There is no question that the forum selection clause in § 11.9 of the Plan was not negotiated

with or reasonably communicated to the plaintiffs. On the contrary, it was unilaterally added to the Plan on January 1, 2009. The plaintiffs have presented evidence that they were not notified of the amendment, if at all, until after this litigation began on May 21, 2009. To bind the plaintiffs to a Plan provision of which they were not reasonably notified would be manifestly unjust and would be a reason for declining to dismiss or transfer a case under either § 1404(a) or § 1406(a). The Court will therefore not enforce the forum selection clause against the plaintiffs in this lawsuit.

The defendants argue that the notification they gave to the annuitant plaintiffs was reasonable because it complied with ERISA's notice requirements. Section 104(b)(1) of ERISA requires that a summary description of modifications be furnished to participants and beneficiaries no later than 210 days after the end of the plan year in which the change is adopted, *see* 29 U.S.C. § 1024(b)(1), and U.S. Bank's notice to the plaintiff annuitants fell well within that period. Furthermore, ERISA does not require any notice to retirees who are not in active pay status because they have taken one-time, lump-sum benefit payments. *See Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 302-03 (3d Cir. 2007), *cert. denied*, 128 S. Ct. 1473 (2008). While that fact may be relevant were the plaintiffs seeking to hold them liable for failure to provide adequate notice of changes to the Plan, it is not relevant to the enforceability of the forum selection clause.

Because the forum selection clause is invalid as to the plaintiffs in this case, the Court declines to dismiss or transfer this case to the District of Minnesota.

    B.    <u>Limitations Period</u>

Federal Rule of Civil Procedure 12(b)(6) governs U.S. Bank's request to dismiss this case based on the limitations period. When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007)).  It does not consider materials outside the complaint.  Fed. R. Civ. P. 12(d).

U.S. Bank asks the Court to dismiss this case because it was filed outside the 30-month limitations period contained in § 11.6 of the plan.  It argues that Minnesota law governs the Plan as provided in § 11.8, and under Minnesota law and federal law, a 30-month limitation period is reasonable.  On the other side, the plaintiffs claim that, regardless of whether it is reasonable in length, § 11.6 cannot apply to their claims because, as with the forum selection clause in § 11.9, they did not receive notice of the change, which was made on December 27, 2002, until after they filed this lawsuit on May 21, 2009.

Where ERISA does not provide a limitations period, the Court generally must borrow the most analogous state law statute of limitations.  *Berger v. AXA Network LLC*, 459 F.3d 804, 808 (7th Cir. 2006) (citing *Reed v. United Transp. Union*, 488 U.S. 319, 323 (1989)).  However, parties may contract for a shorter limitations period, as long as the shorter period is reasonable.  *Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 874-75 (7th Cir. 1997).

The Court need not determine, however, whether the 30-month limitation period in § 11.6 of the Plan is reasonable because the Court will not hold the plaintiffs to a limitations provision of which it is possible they had no reasonable notice.  The same rationale used in the Court's venue analysis applies to the limitations analysis:  the plaintiffs cannot be bound to a Plan term of which they were not given reasonable notice.  *See, e.g., Thompson v. Ulysses Cruises, Inc.*, No. IP 91-1354, 812 F. Supp. 900, 902 (S.D. Ind. 1993) (admiralty context).

It is possible to counter U.S. Bank's limitations period affirmative defense consistent with the allegations in the complaint by demonstrating the plaintiffs did not receive notice of § 11.6 before they filed this lawsuit.  However, the plaintiffs are not required to plead in the complaint sufficient facts to establish a defense to the limitations period affirmative defense.  *Cancer Found.,*

*Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009) ("Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations."). Only if the plaintiffs affirmatively plead matters that show the limitations period defense is valid will the Court dismiss a complaint at the pleading stage. *Id.* The plaintiffs have not done that here, so dismissal is not warranted.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** U.S. Bank's motion to dismiss or, in the alternative, to transfer (Doc. 14) and **DENIES** U.S. Bank's motion for oral argument (Doc. 21).

**IT IS SO ORDERED.**
**DATED:  November 18, 2009**

                                                    s/ J. Phil Gilbert
                                                   **J. PHIL GILBERT**
                                                   **DISTRICT JUDGE**