UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH J. MEZYK, et al., Individually, and On Behalf Of All Those Similarly Situated,<br><br>    Plaintiffs,<br><br>        v.<br><br>U.S. BANK PENSION PLAN and U.S. BANCORP, INC.,<br><br>    Defendants. | No. 3:09-cv-384-JPG<br><br><br><br><br><br>Consolidated with |
| THOMAS L. PELLETT and RICHARD A. WILLIAMS, Individually, and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>        v.<br><br>U.S. BANK PENSION PLAN,<br><br>    Defendant. | No. 3:10-cv-696-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of defendants U.S. Bank Pension Plan and U.S. Bancorp, Inc. (collectively, "U.S. Bank") to dismiss the claims of plaintiffs Edward W. Sunder III and Louis R. Jarodsky with prejudice on the basis of *res judicata* (Doc. 71). Instead of responding to the motion, Sunder and Jarodsky filed a motion to dismiss their claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) (Doc. 78), to which U.S. Bank responded (Doc. 80).

**I.    Background**

    A.    <u>Conversion to Cash Balance Account Plan</u>

This matter involves provisions in the Mercantile Bancorporation Inc. ("Mercantile")

Retirement Plan ("Plan"), a predecessor of the U.S. Bank Pension Plan,[1] that governed the transition between Mercantile's prior traditional "final average pay" defined benefit pension plan to a cash balance defined benefit pension plan on or around December 31, 1998. As part of the conversion from the traditional defined benefit plan to the cash balance plan, the Plan calculated the opening balance of each participant's cash balance account using a whipsaw type calculation. It first projected the annuity to which the participant would have been entitled as of December 31, 1997, under the prior Plan at age 65 (the Plan's normal retirement age) using the statutory annual interest rate of 5.05%. It then discounted that sum using a discount rate of 7% for those under 45 years old and 8% for those 45 years old and older. Finally, the Plan added to those amounts "pay credits" and "interest credits" for the year of 1998 to arrive at the participant's opening balance of his cash balance account. On December 14, 1998, the Plan distributed notice and a new Summary Plan Description ("SPD") to participants describing the conversion from the traditional defined benefit plan to the cash balance plan.

    B.    <u>Sunder and Jarodsky's Litigation</u>

On July 25, 2006, Sunder and Jarodsky, Plan participants at the time of the conversion to a cash balance account plan, sued the Plan. *See Sunder v. U.S. Bancorp Pension Plan*, No. 05-cv-1153-ERW (E.D. Mo. 2005). They claimed the Plan amendments were age discriminatory because younger workers had more years to earn interest credits on their cash balances before reaching the normal retirement age than older workers did, impermissibly backloaded benefit accruals, impermissibly decreased participants' accrued benefits from the prior Plan because the discount rate

---

[1] U.S. Bank Pension Plan is the successor to the Mercantile Bancorporation Inc. Retirement Plan, which was the relevant plan during the transition and the participants at issue in this case. For clarity's sake, the Court's references to the Plan in this order include either plan, as appropriate.

applied was excessive, improperly calculated retirement lump-sum payouts because the discount rate applied was excessive, and failed to give adequate notice of the Plan amendments because the notice given was not timely. *See Sunder v. U.S. Bancorp Pension Plan*, No. 05-cv-1153-ERW, 2007 WL 541595, * 1 (E.D. Mo. Feb. 16, 2007)

The District Court granted summary judgment for the defendants on all the claims except the allegation of improper calculation of lump-sum retirement payouts. *See id.* at 13. After a trial, the District Court found in favor of U.S. Bank on the lump-sum calculation claim and reconsidered its ruling on the anti-cutback claim. *See Sunder v. U.S. Bancorp Pension Plan*, No. 05-cv-1153-ERW, 2007 WL 2811078, * 8-* 9 (E.D. Mo. Sept. 24, 2007). However, on appeal the Court of Appeals reversed the anti-cutback claim judgment, finding no impermissible cutback had occurred, *see Sunder v. U.S. Bancorp Pension Plan*, 586 F.3d 593, 600-03 (8th Cir. 2009).

C. Mezyk's Litigation

The case at bar challenges the same notice and conversion calculations at issue in *Sunder*. The plaintiffs here allege that the Plan:

- was age discriminatory because it applied a higher discount rate to calculate the opening cash balance account balances of participants 45 years old or older;

- impermissibly decreased participants' accrued benefits under the prior Plan by using an excessive discount rate to calculate the opening cash balances;

- did not provide adequate notice of the Plan conversion;

- provided a misleading and inaccurate SPD with the notice of conversion; and

- because of the foregoing, failed to provide participants benefits to which they were entitled.

U.S. Bank asks the Court to dismiss Sunder and Jarodsky's claims in *Mezyk* with prejudice based on the doctrine of *res judicata*, that is, that their claims were brought or could have been

3

brought in the *Sunder* action. The plaintiffs did not respond to U.S. Bank's motion. Instead, they ask the Court to dismiss Sunder and Jarodsky's claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) without addressing the *res judicata* question.

**II.     Analysis**

The Court first addresses the plaintiffs' motion to dismiss without prejudice under Rule 41(a)(2). Rule 41(a)(2) provides that only the Court may dismiss an action after an adverse party has filed an answer or motion for summary judgment and in the absence of a stipulation of dismissal from all the parties. The Court has discretion to allow dismissal without prejudice under Rule 41(a)(2). *Tyco Labs., Inc. v. Koppers, Co.*, 627 F.2d 54, 56 (7th Cir. 1980). Dismissal without prejudice may be inappropriate where the plaintiff seeks to avoid an adverse ruling by the Court. *See Kapoulas v. Williams Ins. Agency, Inc.*, 11 F.3d 1380, 1385 (7th Cir. 1993). Here, dismissal without prejudice is inappropriate in light of the merits of U.S. Bank's motion to dismiss with prejudice, as discussed below. Clearly, the plaintiffs seek dismissal in order to avoid a near-certain adverse ruling. Therefore, the Court will deny Sunder and Jarodsky's motion to dismiss without prejudice (Doc. 78).

On the other hand, it will grant U.S. Bank's motion to dismiss Sunder and Jarodsky's claims with prejudice. As a preliminary matter, the Court notes that, pursuant to Local Rule 7.1(c)(1), the plaintiffs' response to U.S. Bank's motion to dismiss was due 30 days after it was filed, but 30 days have passed and the plaintiffs did not respond. The Court may, it its discretion, construe that failure to file a timely response as an admission of the merits of the motion. Local Rule 7.1(c). It is appropriate to construe Sunder and Jarodsky's failure to respond to U.S. Bank's motion as an admission to the merits of the motion, which are clear from the motion itself.

Sunder and Jarodsky's claims must be dismissed with prejudice due to *res judicata*. The

doctrine of *res judicata*, also known as claim preclusion, prevents relitigation of matters that were or could have been raised in an earlier suit. *Cole v. Board of Trs. of Univ. of Ill.*, 497 F.3d 770, 772 (7th Cir. 2007); *Garcia v. Village of Mt. Prospect*, 360 F.3d 630, 634 n. 6 (7th Cir. 2004). *Res judicata* applies if there is "(1) an identity of the parties or their privies; (2) identity of the cause of action; and (3) a final judgment on the merits." *Alvear-Velez v. Mukasey*, 540 F.3d 672, 677 (7th Cir. 2008); *accord Cole*, 497 F.3d at 772. Whether causes of action are identical under the second factor depends on whether they involve the same core of operative facts that give rise to a remedy. *Alvear-Velez*, 540 F.3d at 677; *see, e.g., Hess v. Reg-Ellen Mach. Tool Corp.*, 367 F. App'x 687, 690 (7th Cir. 2010) (noting *res judicata* barred ERISA breach of fiduciary duty claim that could have been brought in prior ERISA breach of fiduciary duty cases). This construction prevents parties from using different theories to seek relief for the same facts or transactions. *Alvear-Velez*, 540 F.3d at 677.

*Res judicata* applies to Sunder and Jarodsky's claims in this case. Sunder, Jarodsky and the Plan were parties to the *Sunder* case. Furthermore, the claims in *Mezyk* involve the same core of operative facts giving rise to a remedy as those prosecuted in *Sunder*—the calculation of the opening account balances of the cash balance accounts under the Plan amendments and the notice of those amendments. Finally, the *Sunder* court rendered final judgment on the merits of those claims against Sunder and Jarodsky and in favor of U.S. Bank. *Res judicata* therefore prevents Sunder and Jarodsky from raising claims in *Mezyk*—under the same or different legal theories—that have already been decided against them in *Sunder*. For this reason, the Court will grant U.S. Bank's motion to dismiss Sunder and Jarodsky's claims in *Mezyk* with prejudice (Doc. 71).

**III. Conclusion**

For the foregoing reasons, the Court:

- **DENIES** Sunder and Jarodsky's motion to dismiss their claims without prejudice (Doc. 78);

- **GRANTS** U.S. Bank's motion to dismiss Sunder and Jarodsky's claims with prejudice (Doc. 71);

- **DISMISSES** Sunder and Jarodsky's claims with prejudice.  Sunder and Jarodsky are terminated from this action; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:  January 18, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
