UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH J. MEZYK, *et al.*, Individually, and On Behalf Of All Those Similarly Situated,<br><br>　　Plaintiffs,<br><br>　　　　v.<br><br>U.S. BANK PENSION PLAN and U.S. BANCORP, INC.,<br><br>　　Defendants. | No. 3:09-cv-384-JPG-DGW<br><br><br><br><br><br>Consolidated with |
| THOMAS L. PELLETT, *et al.*, Individually, and on Behalf of All Others Similarly Situated,<br><br>　　Plaintiffs,<br><br>　　　　v.<br><br>U.S. BANK PENSION PLAN,<br><br>　　Defendant. | <br><br><br><br>No. 3:10-cv-696-JPG-DGW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the plaintiffs' motion for additional class certification (Doc. 114). Defendants U.S. Bank Pension Plan and U.S. Bancorp, Inc. (collectively, "U.S. Bank") have responded to the motion (Doc. 118). In that response U.S. Bank asks the Court to reconsider parts of its February 11, 2011, decision to certify Classes 1 and 2. Specifically, it asks the Court to decertify Class 1 for Counts I, II, III and IV and to decertify Class 2 for Count X. The Court has set a hearing on the motion for additional class certification but would like to rule on these requests for decertification before the hearing in order to narrow the issues to be addressed at the hearing.

**I.　　Background**

This matter involves provisions in the Mercantile Bancorporation Inc. ("Mercantile")

Retirement Plan ("Plan"), a predecessor of the U.S. Bank Pension Plan,[1] that governed the transition between Mercantile's prior traditional "final average pay" defined benefit pension plan to a cash balance defined benefit pension plan on December 31, 1998. Relevant details of the plan conversion are set forth in the Court's February 11, 2011, order (Doc. 96) and need not be repeated here.

In the Consolidated Complaint (Doc. 64), the plaintiffs pled six causes of action:

•   Count I ("notice claim"): the Plan failed to give adequate notice of a plan amendment that significantly reduces the rate of future benefit accruals as required by the version of § 204(h) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1054(h), that was effective at the time of conversion;

•   Count II ("summary plan description ("SPD") claim"): the SPD distributed with the notice provided a misleading and inaccurate description of certain Plan terms, in violation of the version of § 102 of ERISA, 29 U.S.C. § 1022, that was effective at the time of conversion;

•   Counts III and IV ("anti-cutback discount rate claims"): the Plan used a discount rate that exceeded the rate set forth in § 417(e)(3) of the Internal Revenue Code ("IRC"), 26 U.S.C. § 417(e)(3), when it calculated the opening cash balances, in violation of the prohibition on decreasing a participant's accrued benefit by a plan amendment as set forth in § 204(g) of ERISA, 29 U.S.C. § 1054(g); and

•   Counts V and VI ("age discrimination claims"): the Plan applied a higher discount rate to participants 45 years old and older in violation of the prohibition on a cessation or reduction in the rate at which an employee accrues benefits on account of age as set forth in § 204(b)(1)(H)(i) of ERISA, 29 U.S.C. § 1054(b)(1)(H)(i).

On February 11, 2011, the Court certified the following classes:

**Class 1** (for Counts I, II, III and IV of the Consolidated Complaint): All current and vested former U.S. Bank Pension Plan participants, and their beneficiaries, who accrued benefits prior to January 1, 1999, and who had active cash balance accounts on and after January 1, 1999.

**Class 2** (for Counts V and VI of the Consolidated Complaint): All current and vested former U.S. Bank Pension Plan participants age 45 and older as of January 1, 1999, and their beneficiaries, who accrued benefits prior to January 1, 1999, and who

---

[1] U.S. Bank Pension Plan is the successor to the Mercantile Bancorporation Inc. Retirement Plan, which was the relevant plan during the transition at issue in this case. For clarity's sake, the Court's references to the Plan in this order include either plan, as appropriate.

> had active cash balance accounts on and after January 1, 1999.
>
> *Excluded* from the Class 1 and Class 2 are Edward W. Sunder III; Louis R. Jarodsky; Eileen Chamberlain; Defendants' legal counsel (including members of Defendants' legal department); and any judge assigned to this case and any member of such judge's immediate family.

The First Amended Consolidated Complaint renumbered the prior Counts V and VI as Counts IX and X. Henceforward, the Court will refer to these claims as they are set forth in the First Amended Consolidated Complaint.

## II. Analysis

### A. Class 1 for Counts I-II

U.S. Bank asks the Court to reconsider certification of Class 1 for Counts I and II, the notice and SPD claims, in light of *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011). It argues *Wal-Mart* forecloses certification under Federal Rule of Civil Procedure 23(b)(2) of claims like Counts I and II that require individualized determinations of relief. Counts I and II ask the Court to declare that class members are entitled to the greater of two alternative remedies for each class member—the value of the benefit to which each would have been entitled (1) had the Plan not been amended or (2) under the amended Plan.

In *Wal-Mart*, the district court had certified under Rule 23(b)(2) a class of female Wal-Mart employees seeking back pay lost as a result of sex discrimination effectuated by local and regional managers' exercising of discretion in various decisions. *Id.* at 2549. Rule 23(b)(2) allows certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." The Supreme Court held that Rule 23(b)(2) certification was inappropriate because the class members' claims were individualized claims for backpay, requiring

individualized determinations of entitlement and appropriate declaratory or injunctive relief. *Id.* at 2557. In the circumstances presented, a single injunction or declaration could not provide relief to each member of the class. *Id.* at 2557. Accordingly, certification under Rule 23(b)(2) was inappropriate. *Id.* at 2561.

As a preliminary matter, whether the Court properly certified Class 1 under Rule 23(b)(2) is not a material question since it also certified the class under Rule 23(b)(1)(A), and U.S. Bank has not challenged that basis for certification.

Additionally, *Wal-Mart* does not render certification under Rule 23(b)(2) improper. As explained in the Court's February 11, 2011, order the relief sought in Counts I and II is for declaratory or injunctive relief that would apply to the class as a whole—a declaration that certain Plan provisions violate ERISA, an injunction requiring the Plan to cease implementing those Plan provisions and reformation of the Plan, plus an injunction requiring recalculation and payment of benefits under the proper calculations. Any monetary relief that might flow from such a decision is incidental, which *Wal-Mart* does not foreclose. *Id.* at 2560. Resolving Counts I and II simply would not require the individualized declarations or injunctions that would have been necessary in *Wal-Mart*.

U.S. Bank raises the specter that not all plaintiffs would seek the same relief because not all would benefit from voiding the offending Plan provisions—indeed, the plaintiffs plead alternative relief options in their First Amended Consolidated Complaint—but the Court has already resolved this conflict of interest allegation satisfactorily in its prior consideration of the adequacy of representation requirement of Rule 23(a)(4).

B.   Class 1 for Count III

U.S. Bank asks the Court to reconsider certification of Class 1 for Count III, pled as a breach

of contract claim, because such a claim is preempted by ERISA, which the Court acknowledged in its February 11, 2011, certification order. Count III is, in reality, an ERISA claim identical to the anti-cutback discount rate claim pled in Count IV, and the Court will treat them collectively. The Court believes this is a better solution than decertifying Class 1 as to Count III, as U.S. Bank requests.

C. Class 1 for Count IV and Class 2 for Count X

U.S. Bank asks the Court to decertify Class 1 for Count IV and Class 2 for Count X, claims for benefits under § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), in light of *CIGNA Corp. v. Amara*, 131 S. Ct. 1866 (2011). It argues *CIGNA* forecloses claims for benefits under § 502(a)(1)(B) because such an award would require the Court to reform the terms of the Plan. In *CIGNA*, the Supreme Court held that § 502(a)(1)(B) authorizes a court to *enforce* the terms of an ERISA-governed plan but does not authorize it to *change* the terms of a plan. *Id.* at 1976-77. However, this argument goes to the merits of Counts IV and X, not to whether class certification is appropriate. Indeed, the effect of *CIGNA* is one of the common questions of law relevant to Counts IV and X that will likely be decided at some point in this litigation.

**III. Conclusion**

For the foregoing reasons, the Court declines to decertify Class 1 for Counts I, II, III and IV or to decertify Class 2 for Count X. Accordingly, the hearing shall be limited to the issues of whether to certify a class or classes as to Counts V, VI, VII and VIII. The Court **RESERVES RULING** on the plaintiffs' motion for additional class certification (Doc. 114) until the hearing.

**IT IS SO ORDERED.**
**DATED: December 21, 2011**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**