## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH J. MEZYK, et al., Individually, and On Behalf Of All Those Similarly Situated, | |
| Plaintiffs, | Case No. 3:09-cv-384-JPG-DGW |
| vs. | |
| U.S. BANK PENSION PLAN and U.S. BANCORP, INC., | |
| Defendants. | Consolidated with: |
| THOMAS L. PELLETT and RICHARD A. WILLIAMS, Individually, and on Behalf Of All Others Similarly Situated, | |
| Plaintiffs, | Case No. 3:10-cv-696-JPG-DGW |
| vs. | |
| U.S. BANK PENSION PLAN, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Consent Motion for Class Certification (Doc. 124). Based upon the briefing filed and the certification hearing held on July 12, 2012, the Court finds as follows:

1.      Certification of Class 1 and Class 2 is appropriate pursuant to Rule 23(a)(1), FED. R. CIV. P. 23(a)(1), because the proposed Class 1 is comprised of approximately 5,498 former Mercantile Plan participants who are geographically dispersed, and the proposed Class 2 is comprised of approximately 748 former Mercantile Plan participants. The Defendants' conduct complained of in the second amended consolidated complaint was

uniform, and class members are ascertainable through Defendants' records.  Thus, the Classes are so numerous that joinder of all claims is impracticable.

2.     Certification of Class 1 and Class 2 is appropriate pursuant to Rule 23(a)(2), FED. R. CIV. P. 23(a)(2), because common questions of law and fact predominate.  The common questions of law and fact which predominate include, *inter alia*:

(a) Whether Defendants violated ERISA §§ 102, 104, and 204(h), 29 U.S.C. §§ 1022, 1024, and 1054(h) and the applicable federal regulations by failing to distribute proper notice to Plaintiffs and members of Class 1 notifying them of the amendment of the Plan to a cash balance formula and by failing to provide complete and accurate summaries of the plan terms?

(b) Whether Defendants failed to follow the terms of the plan in calculating the opening balance credit to the cash balance plan for Plaintiff Mezyk and the members of Class 2 who were age 45 to 49 on the date their opening cash balance was calculated for their cash balance accounts?

(c) Whether Plaintiffs and Class members are entitled to injunctive relief pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)?

(d) Whether Plaintiffs and Class members are entitled to incidental damages which may flow from the injunctive relief in the form of recalculated benefits?

(e) Whether Plaintiffs and Class members are entitled to additional benefits under the terms of the Plan pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)?

3.     Certification of Class 1 and Class 2 is appropriate pursuant to Rule 23(a)(3), Fed. R. Civ. P. 23(a)(3), because Plaintiffs' claim in Count I is typical of those in Class 1 regarding whether Defendants failed to notify and inform Plaintiffs and Class 1 members of the effects of the purported amendment effective January 1, 1999, in accordance with the requirements of ERISA.  Plaintiff Mezyk's claim in Count II is typical of those in Class 2 regarding whether Defendants properly calculated Plaintiff's and the Class 2 members' opening balance credits and pension benefits in accordance with the unambiguous terms of

the plan in a uniform practice applied to all members of the class.

4.    Certification of Class 1 and Class 2 is appropriate pursuant to Rule 23(a)(4), Fed. R. Civ. P. 23(a)(4), because the Court finds the named Plaintiffs will fairly and adequately represent the interests of each member of each class.  Plaintiffs understand the basic issues in this case.  Their interests are the same as, and not in conflict with, the interests of other members of each class.

5.    Certification of Class 1 and Class 2 is appropriate pursuant to Rule 23(b)(1), FED. R. CIV. P. 23(b)(1), because there is a risk that the prosecution of separate actions would establish incompatible standards of conduct for Defendants regarding the proper communication and computation of pension benefits for all similarly situated participants.

6.    Plaintiffs' counsel is adequate under Rule 23(g), FED. R. CIV. P. 23(g), as the Court has already found them experienced in and competent to handle class actions and complex litigation of this type.  (*See* Doc. 96.)

7.    Defendants consent to Plaintiffs' motion for certification of Class 1 and Class 2.

Therefore, the consent motion to certify (Doc. 124) is **GRANTED**.   The Court **CERTIFIES** Count I and Count II in Plaintiffs' Second Amended Consolidated Complaint as a class action on behalf of the following classes:

> (i)  **Class 1 (for Count I).**  All plan participants in the Mercantile Bancorporation Inc. Retirement Plan as of January 1, 1999. Excluded from this class are Edward W. Sunder III; Louis R. Jarodsky; Eileen Chamberlain; Defendants' legal counsel (including members of Defendants' legal department); and any judge assigned to this case and any member of such judge's immediate family.

> (ii) **Class 2 (for Count II).**   All Plan participants in the Mercantile Bancorporation Inc. Retirement Plan that were participants in the Plan as of

January 1, 1999, and who were 45 to 49 years old on the date an opening balance was calculated for their cash balance accounts. Excluded from this class are Edward W. Sunder III; Louis R. Jarodsky; Eileen Chamberlain; Defendants' legal counsel (including members of Defendants' legal department); and any judge assigned to this case and any member of such judge's immediate family.

Further, the Court **APPOINTS** Plaintiffs Joseph J. Mezyk, Mary P. Mulqueeny, Doris L. Carthy, Peggy B. Raymond, Shirley Chatman, Thomas L. Pellett, and Richard A. Williams to represent the Class 1 and Joseph J. Mezyk to represent Class 2.  The Court **APPOINTS** David L. Steelman and Matthew H. Armstrong as Co-Class Class Counsel for both Classes.

**IT IS SO ORDERED.**
**DATED:  July 16, 2012**

s/J. Phil Gilbert
**Hon. J. Phil Gilbert**
**United States District Judge**